IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.  3:06cr13/MCR
3:07cv322/MCR/MD

SATORI ASHANTI KEYS

## REPORT AND RECOMMENDATION

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (doc. 82). The government has filed a response (doc. 84) and the defendant has filed a reply (doc. 93). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied.

### I. BACKGROUND

Defendant was charged in a two count indictment with conspiracy to distribute and to possess with intent to distribute five grams for more of cocaine base ("crack" cocaine) in violation of 21 U.S.C. § 841(b)(1)(B)(iii) and possession with intent to distribute five or more grams of crack cocaine on a date certain. (Doc. 12). The government filed a notice of enhancement information advising the court and the defendant that the defendant faced enhanced statutory penalties due to multiple prior convictions. (Doc. 15). Represented by retained counsel William B. Richbourg, Esq., the defendant subsequently entered into a

plea and cooperation agreement pursuant to which he agreed to plead guilty to the conspiracy charged in count one and the government agreed to move to dismiss the substantive possession charge alleged in count two upon the court's adjudication of the defendant's guilt on count one. (Doc. 21).

At the defendant's change of plea hearing, the court conducted a complete and thorough plea colloquy with the defendant which included a review of the defendant's constitutional rights, the plea agreement and its terms, the enhanced statutory penalties the defendant faced, and the facts the government was prepared to prove that would support the legal elements of the conspiracy charge. (Doc. 69). The defendant affirmed, under oath, that he understood the charges against him and the penalties he faced based on the quantity of drugs alleged, that he was the individual with the prior convictions listed in the notice of enhancement, that he had read the factual summary prepared by the government and reviewed it with his attorney and did not dispute any of the facts contained therein. (*Id.*). The court specifically made clear to the defendant that the only way it could depart below the statutory minimum mandatory was if the government filed a substantial assistance motion, and that any predictions counsel might have made about his sentence were just that, predictions, and defendant would not be entitled to withdraw his plea if he was disappointed with the sentence he received. (*Id.*) The court verified that defendant had told counsel everything he knew about the facts of his case, that counsel had answered his questions and that defendant was satisfied with counsel's representation and had no complaints. (*Id.* at 25). The defendant was offered the opportunity to change any of the answers he had given at the proceeding, which he declined. (*Id.*). It found that the defendant had made his decision to plead guilty voluntarily with the assistance of competent counsel with whom defendant indicated that he was well pleased. (*Id.* at 26). Defendant indicated that this was correct. (*Id.*). At the end of the hearing, the defendant was again afforded the opportunity to ask questions, which he again declined. (*Id.* at 28).

The defendant's PSR was mailed to counsel on April 28, 2006. (Doc. 26). On May 11, 2006, counsel filed a motion to withdraw, indicating his extreme difficulties in communicating with the defendant. (Doc. 27). Counsel stated that he has had to

repeatedly explain every step of the proceedings to the defendant, that the defendant asked him to prepare for sentencing in a manner that was against counsel's professional judgment, that the defendant was complaining about counsel's representation of him, and that he did not believe further representation of the defendant would be in the best interest of the court.  (Doc. 27).

The court conducted a hearing on counsel's motion.  (Doc. 50).  Counsel described in detail the difficulties he had had in communicating and dealing with his client, including the necessity of multiple meetings to explain the plea agreement, applicable law, and possible penalties and his attempts to facilitate the defendant's attempt to obtain a substantial assistance motion as the defendant continued to be less than forthright with law enforcement and the probation officer.  (Doc. 50).  Counsel indicated that he did not mind continuing to represent the defendant, but that he did not intend to commit malpractice in order to satisfy his client.  (Doc. 50 at 13).  The court acknowledged counsel's frustration, and the fact that it appeared that the defendant was "imped[ing] or impair[ing] his potential for a better sentencing outcome by his own actions."  (*Id.* at 15).  It denied his motion, stating that the fact that counsel had a difficult client was not a legitimate basis to withdraw and that conversely, the defendant was not entitled to an attorney he liked or that told him what he wanted to hear.  (*Id.* at 15).  The court also offered that from everything it had heard at the hearing and from what it knew about the case, counsel had done all that he could do to represent his client.  (*Id.*).  It also noted that counsel's diligence in getting the plea agreement signed and entered before the return of a lab report that ultimately showed more than 50 grams of crack cocaine were involved in the instant offense saved the defendant from a mandatory minimum life sentence.  The district judge characterized this as "about the best thing I've heard for a defendant thus far in my time on the bench."  (*Id.* at 16).  The court concluded by stating that its ruling should not be misinterpreted–that the court expected counsel to adhere to his ethical responsibilities and would never accept or allow him to commit malpractice.  It further admonished the defendant that counsel would continue to represent him to the best of counsel's legal and professional ability, but that he

would not compromise his ethics in doing so and that the defendant should not expect that of him. (*Id.* at 16-17).

The PSR established defendant's base offense level at 34 based on the quantity of drugs attributable to him. His total offense level was the same as no other adjustments were deemed applicable. Defendant had twenty criminal history points, yielding a criminal history category of VI.

Counsel objected to the quantity of drugs attributed to the defendant and the failure to award acceptance of responsibility. These objections were withdrawn at sentencing. (Doc. 70 at 2-3). Counsel indicated that the defendant wished to withdraw the objections with the understanding that he would get a reduction for acceptance of responsibility. The defendant affirmed this on the record, the government stated it had no objection and the court agreed that the reduction would be appropriate. (*Id.* at 3-4). Defendant acknowledged again that he was the individual named in the convictions listed in the enhancement information. (*Id.* at 4). When offered the opportunity to address the court, the defendant stated that he fully accepted responsibility for his actions and threw himself upon the mercy of the court, asking for the lowest sentence possible so that he could see his daughter before he gets too old. (*Id.* at 5).

Defense counsel then advised the court of his conversations with the defendant regarding how the acceptance of responsibility adjustment decreased his guideline range from 262-327 months to 188-235 months, and the fact that the guidelines were advisory in nature. (Doc. 70 at 5-6). Counsel also reiterated the gist of the communication problems he had had with his client, the fact that defendant had been unable to earn a 5K1.1 motion but was still hopeful about his chances for a Rule 35, and that counsel believed that by negotiating an early plea, he had saved his client from a life sentence. (*Id.* at 6-7).

The government urged the court to impose a sentence that reflected the seriousness of the defendant's criminal history, and noted that it was the opinion of the government that the defendant's cooperation to date had been "basically non-existent." (Doc. 70 at 8). It also noted that until 15 minutes before sentencing, the government

believed that the sentencing would be contested, and it spent considerable time preparing, and that a significant sentence would create an incentive for the defendant to cooperate. (*Id.* at 8-9).

Defendant was sentenced to a term of 210 months, at the middle of the applicable guidelines range. He appealed, and counsel filed an *Anders* brief and a motion to withdraw. Defendant subsequently filed a motion to dismiss his appeal with prejudice, which was granted. (Doc. 84, exh. A).

In the present motion, defendant raises four grounds for relief. He contends that his plea was not knowing and voluntary, that there was insufficient evidence to support the charges against him, that he was improperly classified as a career offender, and that he was constructively denied the assistance of counsel at every stage of the proceedings.

## II. LEGAL ANALYSIS

The grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *Thomas v. Crosby,* 371 F.3d 782, 811 (11th Cir. 2004); *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice." *Lynn*, 365 F.3d at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently

results in a complete miscarriage of justice."). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2678, 2649, 91 L. Ed. 2d 397 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent. . . ."

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence. *See Chandler v. McDonough,* 471 F.3d 1360 (11th Cir. 2006) (citing *Drew v. Dept. of Corrections,* 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); *Hill v. Moore,* 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief."); *Ferguson v. United States*, 699 F.2d 1071, 1072 (11th Cir. 1983). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. *Lynn*, 365 F.3d at 1239.

### A. Voluntariness of Plea/Sufficiency of Indictment

Defendant's first two grounds for relief are premised on his belief that because no other individual was mentioned by name in the indictment, it was insufficient to charge him with conspiracy. He thus claims that his plea was involuntary and that the indictment is void.

A motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *See Bousley v. United*

*States,* 118 S.Ct. 1604, 1610 (1998); *United States v. Montano,* 398 F.3d 1276 (11th Cir. 2004); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994)(recognizing that a ground is "available" on direct appeal when "its merits can be reviewed without further factual development"), *cert. denied*, 514 U.S. 1112, 115 S.Ct. 1966, 131 L.Ed.2d 856 (1995); *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error or that he is "actually innocent." *Bousley,* 118 S.Ct. at 1611 (citations omitted); *United States v. Montano,* 398 F.3d 1276 (11th Cir. 2004). In the alternative, a defendant can overcome the procedural bar created by the failure to appeal if he could show a fundamental miscarriage of justice. *Montano*, 398 F.3d at 1280 (citing *Mills*, 36 F.3d at 1055 (quoting *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986))). Defendant's first and second claims are procedurally barred.

  The claims are also without legal merit. The elements of conspiracy under § 846 are (1) an agreement between the defendant and one or more persons, (2) to commit an unlawful act or a lawful act by unlawful means. *United States v. Arias-Izquierdo,* 449 F.3d 1168, 1182 (11th Cir. 2006) (citing *United States v. Toler*, 144 F. 3d 1423, 1426 (11th Cir. 1998). The existence of a conspiracy and the defendant's participation in it may be established by circumstantial evidence. *Id.* The indictment charged defendant with agreeing "with other persons" to violate the narcotics laws. (Doc. 12). It is not necessary to include the names of the alleged co-conspirators in the indictment. *United States v. Figueroa*, 720 F.2d 1239, 1244 (11th Cir. 1983) (citing *United States v. Goodwin*, 492 F.2d 1141, 1144 (5th Cir. 1974)); *Rogers v. United States*, 340 U.S. 367, 375, 71 S.Ct. 438, 95 L.Ed. 344, 350 (1951); *United States v. Ewart*, 164 Fed. Appx. 925, 929, 2006 WL 228360 (11th Cir. 2006); *United States v. Martinez*, 96 F.3d 473, 477 (11th Cir. 1996). A defendant may be convicted of conspiring with "persons unknown," if sufficient evidence supports the existence and involvement of such unknown persons, as it did in this case. See *Martinez*, 96 F.3d at 477. "The general rule is that '[t]he existence of the conspiracy agreement

rather than the identify of those who agree is the essential element to prove conspiracy.'" *United States v. Keller*, 916 F.2d 628, 634 (11th Cir. 1990). The facts as set forth in the government's statement of facts, to which the defendant admitted at his rearraignment were sufficient to sustain a conviction on the conspiracy charge. (Doc. 19; doc. 69 at 19-22). Defendant's claim that his plea was not knowing and voluntary because he entered a guilty plea based on misinformation about the legal sufficiency of the charges against him likewise fails. Finally, defendant appears to argue that the plea was not voluntary because the district court failed to specifically review the elements of the conspiracy charge. (Doc. 93). As noted in the appended letter from appellate counsel, her attempts to overturn convictions on this basis in the past had been unsuccessful, and the district court did ensure that the defendant had reviewed and agreed to the written factual basis for the plea. (Doc. 93, exh. 1). Even were the court to ignore the procedural bar, which it need not do, defendant has provided no authority for his suggestion that this is a sufficient basis to overturn his conviction.

### B. Career Offender Classification

Defendant next claims that the district court committed "plain error" when it classified and sentenced him as a career offender because he does not have the requisite prior convictions. He claims that his prior felony drug offenses are not of the type to which the career offender provision was intended to apply. Defendant's claim is procedurally barred, and it lacks any factual basis. His reference to § 4B1.1 of the guidelines is mistaken, as this provision was not applied to his case. Defendant's criminal history category of VI was calculated based upon the 20 criminal history category points he had amassed prior to this case. (PSR ¶¶ 43-64). Only 13 criminal history category points are necessary to reach a category VI. His criminal history category was properly calculated and he has failed to show error.

### C. Ineffective assistance of counsel

Defendant's final ground for relief is a claim that he was "constructively denied counsel." He asserts that he received "no meaningful assistance whatsoever from his

retained counsel," although he fails to suggest exactly what Mr. Richbourg did or did not do that rendered his representation constitutionally ineffective.

To show a violation of his constitutional right to counsel, defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d (1984); *Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct. 1495, 1511, 146 L.Ed.2d 389 (2000); *Gaskin v. Secretary, Dept. of Corrections,* 494 F.3d 997, 1002 (11th Cir. 2007). "*Strickland's* two-part test also applies where a prisoner contends ineffective assistance led him or her to enter an improvident guilty plea." *Yordan v. Dugger,* 909 F.2d 474, 477 (11th Cir. 1990) (citing *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). In applying *Strickland*, the court may dispose of an ineffective assistance claim if defendant fails to carry his burden on either of the two prongs. 466 U.S. at 697, 104 S.Ct. at 2069.

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Id*. at 688, 104 S.Ct. at 2065; *see also Dingle v. Secretary for Dept. of Corrections,* 480 F.3d 1092, 1099 (11th Cir. 2007)*; Atkins v. Singletary*, 965 F.2d 952 (11th Cir. 1992). "[R]eviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." *Yordan v. Dugger*, 909 F.2d 474, 477 (11th Cir. 1990) (citing *Harich v. Dugger*, 844 F.2d 1464, 1469 (11th Cir. 1988); *Dingle v. Secretary for Dept. of Corrections,* 480 F.3d 1092, 1099 (11th Cir. 2007)*; Chandler v. United States,* 218 F.3d 1305, 1314 (11th Cir. 2000); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation")). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States,* 496 F.3d 1270, 1281 (11th Cir. 2007); *United State v. Freixas*, 332 F.3d 1314, 1319-1320 (11th Cir. 2003); (quoting *Brownlee v. Haley*, 306 F.3d

1043, 1059 (11th Cir. 2002)(quoting *Strickland*, 466 U.S. at 687, 689-90, 104 S.Ct. at 2064-66 and *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)). When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d at 1316 n. 18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369-70, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687). Or in the case of alleged sentencing errors, defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203-04, 121 S.Ct. 696, 700-01, 148 L.Ed.2d 604 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.*

The Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000). This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle,* 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'"

*Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)).

In order to establish ineffective assistance, defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir.), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987). Bare, conclusory allegations of ineffective assistance, such as those contained in defendant's motion, are insufficient to satisfy the *Strickland* test. *Wilson v. United States,* 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing *Blackledge*, 431 U.S. at 74, 97 S.Ct. at 1629); *United States v. Ross*, 147 Fed.Appx. 936, 939 (11th Cir. 2005). Defendant claims in his reply for the first time that counsel should have challenged the "sufficiency of the evidence." In light of defendant's guilty plea and his agreement with the facts as set forth in the statement of facts, there was no basis for such an objection. Counsel is not ineffective for failing to preserve or argue a meritless claim. *See Brownlee v. Haley,* 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); *Meeks v. Moore*, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing to make meritless motion for change of venue); *Jackson v. Herring*, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not pursue constitutional claims which he reasonably believes to be of questionable merit); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (counsel was not ineffective for informed tactical decision not to make what he believed was a meritless motion challenging juror selection procedures where such a motion has never been sustained because such a motion would not have been successful).

Defendant next asserts that counsel's motion to withdraw was a "ploy to fraudulently draw protection from the court against a later claim of ineffective assistance of counsel" and to manipulate the record. (Doc. 93 at 4). The court finds no basis for this assertion, or suggestion how, even if true, counsel's "ploy" could have adversely affected the proceedings against the defendant.

Defendant claims that counsel "threaten[ed] and coerce[d]" him into pleading guilty. (Doc. 93 at 5). This assertion is flatly contradicted by the transcript of the plea colloquy. An allegation of a coerced plea, supported by a factual allegation, can support a §2255 motion. *See, Fontaine v. United States*, 411 U.S. 213, 214-15, 93 S.Ct. 1461, 1462-63, 36 L.Ed.2d 169 (1973); *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001). However, a defendant's statements during a Rule 11 colloquy as well as any findings made by the judge accepting the pleas constitute a formidable barrier in any subsequent collateral proceedings. *Blackledge v. Allison,* 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977); cf. *Holmes v. United States*, 876 F.2d 1545, 1550 (11th Cir. 1989) (trial court satisfied itself during Rule 11 colloquy of voluntary and understanding nature of plea). Solemn declarations made under oath in open court carry a strong presumption of verity. *Blackledge,* 431 U.S. at 73-74, 97 S.Ct. at 1629*; United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994)*.* They are presumptively trustworthy and are considered conclusive absent compelling evidence showing otherwise. *Blackledge,* 431 U.S. at 73-74, 97 S.Ct. at 1629; *see also United States v. Gonzalez-Mercado,* 808 F.2d 796, 800 n.8 (11th Cir. 1987); *Downs-Morgan v. United States*, 765 F.2d 1534, 1541 n. 14 (11th Cir. 1985); *Potts v. Zant,* 638 F.2d 727, 750-51 (5th Cir. 1981) (citing *United States v. Sanderson*, 595 F.2d 1021 (5th Cir. 1979)); *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997); *United States v. Messino*, 55 F.3d 1241, 1248 (7th Cir. 1995); *United States v. Mims*, 928 F.2d 310, 313 (9th Cir. 1991); *United States v. DeFusco*, 949 F.2d 114, 119 (4th Cir. 1991). Consequently, a defendant "bears a heavy burden to show his statements [under oath] were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988); *United States v. Reid*, 2007 WL 4190403 (11th Cir. 2007) (Table, text in WESTLAW); *United States v. Cardenas*, 230 Fed.Appx. 933 2007 WL 2119918 (11th Cir. 2007) (Table, text in WESTLAW). "[I]f the Rule 11 plea taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely." *United States v. Stitzer*, 785 F.2d 1506, 1514, n.4 (11th Cir. 1986) (quoting *United States v. Barrett*, 514 F.2d 1241, 1243 (5th Cir. 1975)). The defendant was given ample opportunity during the rearraignment to inform the court of his alleged dissatisfaction with counsel, or the fact that he did not want to enter

the plea, but he did not. In light of this, as well as the benefits that inured to him through his guilty plea, his assertions with respect to the involuntariness of his plea simply do not ring true.

After having reviewed the record, including the transcripts from rearraignment, the hearing on counsel's motion to withdraw and the sentencing hearing, the court cannot disagree with the government's assertion that counsel worked diligently on his client's behalf throughout the proceedings. The record is replete with evidence that counsel's representation was more than adequate, and that defendant received a sentence remarkably lower than he might have had he either not entered a plea or not entered such an expedient plea. Of greatest significance, as noted above, the timing of the plea agreement saved the defendant from a mandatory life sentence.[1] Defendant also received the benefit of an acceptance of responsibility adjustment despite having been less than forthcoming with law enforcement and the probation officer about his involvement in the offense conduct. Defendant has not identified any constitutional errors on counsel's part and he is not entitled to relief.

Based on the foregoing, it is respectfully RECOMMENDED:

The motion to vacate, set aside, or correct sentence (doc. 82) be DENIED.

At Pensacola, Florida, this 11th day of April, 2008.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Defendant would again be exposed to the mandatory minimum life sentence if the instant motion were granted.

*Case No: 3:06cr13/MCR; 3:07cv322/MCR/MD*

## **NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).